PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ERIE INSURANCE EXCHANGE, | ) |
| | ) CASE NO. 4:16CV2212 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| HARBOR FREIGHT TOOLS, USA INC., *et al.*, | ) |
| | ) |
| | ) **MEMORANDUM OF OPINION AND** |
| Defendants. | ) **ORDER** [Resolving ECF No. 17] |

Pending is the Motion for Remand for Lack of Subject Matter Jurisdiction (ECF No. 17) filed by Plaintiff Erie Insurance Exchange to which the Defendant Harbor Freight Tools, USA Inc. opposes (ECF No. 20). The Court has been advised, having reviewed the record, the parties' briefs and the applicable law. For the reasons set forth below, the Court grants Plaintiff Erie Insurance Exchange's motion for remand.

## I. Background & Procedural History

Plaintiff filed this product liability action in the Trumbull County, Ohio Court of Common Pleas, seeking compensation for payments made to Plaintiff's insureds for damages sustained to the insureds' real and personal property. ECF No. 1-2, ¶¶ 13-14. In its Complaint, Plaintiff alleges that Defendant designed and manufactured a float charger whose defective parts failed causing fire damage to Plaintiff's insureds' real and personal property and loss of use of the property in the amount of $360,891.47. ECF No. 1-2, ¶¶ 6-8, 13. Defendant removed the case to

(4:16CV2212)

this Court on September 2, 2016 pursuant to 28 U.S.C. §§ 1441 and 1446, and based upon diversity jurisdiction under 28 U.S.C. § 1332. ECF No. 1, ¶¶ 2, 15, 16.

On December 16, 2016, Plaintiff attempted to file an amended complaint (ECF No. 12) without leave of Court. On the same day, during the Telephonic Case Management Conference, counsel for Plaintiff informed the Court that potential jurisdictional issues may arise because of Plaintiff's status as an insurance exchange. Given the potential jurisdictional issues, the Court ordered Plaintiff to file a motion to remand or notice on jurisdiction by January 13, 2017. *See* Mins. of Proceeding. The Court also set a March 31, 2017 cut-off to file amended pleadings. *See* Case Management Conference Plan/Order, ECF No. 13, ¶ 13. The Court subsequently granted Plaintiff's motion for leave to file an amended complaint (ECF No. 15). *See* Order, Jan. 9, 2017. On January 10, 2017, Plaintiff filed its First Amended Complaint (ECF No. 16) in which it alleged: "Plaintiff Erie Insurance Exchange [] is *a reciprocal insurance exchange* organized under the Insurance Law of the Commonwealth of Pennsylvania and is authorized to write property and casualty insurance contracts in the State of Ohio, with its principal place of business located at 100 Erie Insurance Place in Erie, Pennsylvania." ECF No. 16, ¶ 1 (emphasis added).*¹*

---

¹ *Contra* Complaint, ECF No. 1-2, ¶ 1 ("Plaintiff Erie Insurance Company [] is *an insurance company* Licensed to do business and issue policies of insurance in the State of Ohio, with its principal place of business located at 301 Commonwealth Drive in Warrendale, Pennsylvania.") (emphasis added). Otherwise, the First Amended Complaint raises the same substantive claims as the Complaint filed in state court. *See* ECF No. 16, ¶¶ 7-9, 13-15.

2

(4:16CV2212)

On January 12, 2017, Plaintiff filed its motion for remand requesting that the Court return the case to the Trumbull County, Ohio Court of Common Pleas. ECF No. 17. Plaintiff argues that the Court lacks subject matter jurisdiction over this case because: (1) as a reciprocal insurance exchange and unincorporated association, Plaintiff is considered to have the citizenship of its subscribers and policyholders (ECF No. 17 at PageID #: 99-100); (2) Plaintiff has subscribers who are citizens of Delaware and California (*Id.* at PageID #: 100); (3) Defendant is a Delaware corporation with its principal place of business in California (*Id.* at PageID #: 98); and, therefore (4) Defendant is a citizen of Delaware and California (*Id.* at PageID #: 99). Therefore, Plaintiff avers, the Court should remand this action back to state court because complete diversity of citizenship and diversity jurisdiction is lacking. *Id.* at PageID #: 101. In opposition, Defendant urges the Court to recognize that there is a split authority as to the citizenship of an insurance exchange and asks the Court to "adopt the alternate position that an insurance exchange's subscribers and policyholders are mere 'customers' who should not be considered for purposes of diversity jurisdiction." ECF No. 20 at PageID #: 116. In the alternative, Defendant avers that the Court should deny Plaintiff's motion because "Plaintiff has failed to provide sufficient evidence that it actually has subscribers or policyholders who are citizens of Delaware . . . or California." *Id.* at PageID #: 117. The matter is now ripe for adjudication.

## II. Legal Standard

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or

3

(4:16CV2212)

defendants, to the district court of the United States for the district and division embracing the place where such action is pending." District courts have original jurisdiction over civil actions that arise under federal law, *see* 28 U.S.C. § 1331, or that involve parties of diverse citizenship and exceed $75,000 in controversy, *see* 28 U.S.C. § 1332. Diversity jurisdiction exists where "*each* defendant is a citizen of a different state from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

The removing party bears the burden of showing that diversity jurisdiction exists. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). In a removal case, if, at any time prior to final judgment, it appears that the court lacks subject-matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c).

### III. Analysis

**A. Plaintiff's Citizenship**

Plaintiff is a reciprocal insurance exchange and an unincorporated association that is considered to have the citizenship of its members. *See* ECF No. 17 at PageID #: 100; ECF No. 20 at PageID #: 120. District courts have recognized a split authority on the issue of whether an insurance exchange's members include its subscribers and policyholders. *See, e.g., James G. Davis Const. Corp. v. Erie Ins. Exch.*, 953 F. Supp. 2d 607, 610 (D. Md. 2013) ("This question has split federal judges in this District and beyond.").

4

(4:16CV2212)

Fairly recent decisions including one issued by the Northern District of Ohio[2], support the finding that as an unincorporated association, Plaintiff is considered to have the citizenship of its members for the purposes of diversity jurisdiction and Plaintiff's members include its subscribers and policy holders. *See Themis Lodging Corp. v. Erie Ins. Exch.*, No. 1:10 CV 0003, 2010 WL 2817251, at *1 (N.D. Ohio July 16, 2010) (Wells, J.) ("A reciprocal insurance exchange . . . is an unincorporated business organization of a special character in which the participants, called subscribers (or underwriters) are both insurers and insureds. . . . Courts have long recognized that reciprocal exchange insurance associations, like Erie, do not receive fictional citizenship as do corporations but, instead, bear the citizenship of each member."); *James G. Davis Const. Corp.*, 953 F. Supp. 2d at 610 (holding that Erie's members include its policyholders); *Mid-Century Ins. Co. v. Johnson*, No. 13-2191-RDR, 2013 WL 3013620, at *3 (D. Kan. June 14, 2013) (granting remand and holding that "[t]he law is well-settled in most jurisdictions . . . that for purposes of diversity jurisdiction, the citizenship of a reciprocal insurance exchange is determined to be each state within which it has a subscriber or member."). *See also AMCO Ins. Co. v. Erie Ins. Exch.*, No. 11 C 4842, 2011 WL 5833977, at *3 (N.D. Ill. Nov. 16, 2011) (ruling on 12(b) motion and stating "[a]lmost every court that has decided this issue has concurred in this finding") (citing cases).

Like the majority of courts, the Court is not inclined to adopt, as Defendant requests, the position that an insurance exchange's subscribers and policyholders are its customers, not

---

[2] Defendant concedes that "this Court previously has been inclined to view that there is no 'legally significant distinction' between subscribers and members." *See* ECF No. 20 at PageID #: 121.

(4:16CV2212)

members, and should not be considered for purposes of diversity jurisdiction. ECF No. 20 at PageID #: 116.

**B. Proof of Citizenship**

By way of affidavit prepared by Plaintiff's Vice President James Hovart, Plaintiff asserts that: "Erie Insurance Exchange has subscribers, *i.e.*, policyholders, who have addresses in or are citizens of Delaware and California." *See* Affidavit of James Horvat, ECF No. 17-1, ¶ 12. Defendant contends that the Affidavit is insufficient evidence of Plaintiff's citizenship. ECF No. 20 at PageID #: 121 ("Plaintiff has failed to provide sufficient evidence to show that it actually has policyholders or subscribers who are citizens of Delaware or California."). To buttress this argument, Defendant hypothesizes that, among other things, "it is very possible that [Plaintiff's] subscribers or policyholders [with an address in Delaware or California] may be citizens of some other state who merely happen to have an address in Delaware or California." *Id.* at PageID #: 122. Defendant also attacks the Affiant as lacking "personal knowledge as to whether those subscribers or policyholders are actually citizens of or domiciled in Delaware or California." *Id.* at PageID #: 123. Additionally, Defendant avers that the Affidavit does not specifically "identify any [] subscribers or policyholders, provide any proof of their addresses or citizenship, or provide any other documentation[.]" *Id.* But, as the removing party, Defendant bears the burden of proving that diversity jurisdiction exists; not Plaintiff. Defendant has not met its burden.

Accordingly, the Court finds that: (1) as a reciprocal insurance exchange and unincorporated association, Plaintiff is considered to have the citizenship of its subscribers and policyholders; (2) Plaintiff has subscribers who are citizens of Delaware and California; (3)

6

(4:16CV2212)

Defendant is a Delaware corporation with its principal place of business in California; (4) Defendant is a citizen of Delaware and California; and (5) Plaintiff and Defendant are both citizens of Delaware and California. Therefore, complete diversity is lacking, the Court lacks subject matter jurisdiction over this action, and the matter must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

### IV. Conclusion

For the foregoing reasons, the Court grants the Motion for Remand for Lack of Subject Matter Jurisdiction (ECF No. 17). The case is remanded to the Trumbull County, Ohio Court of Common Pleas forthwith. The Telephonic Status Conference scheduled for May 4, 2017 at 12:00 p.m. is cancelled.

IT IS SO ORDERED.

 May 4, 2017  /s/ Benita Y. Pearson
Date Benita Y. Pearson
United States District Judge